# WASSERMAN GRUBIN & ROGERS, LLP
1700 BROADWAY
NEW YORK, NEW YORK 10019
(212) 581-3320

March 12, 2025

**(Via ECF/PACER)**
The Honorable Paul A. Engelmayer
United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshal United States Courthouse, 1305
40 Foley Square
New York, New York 10007

> Re: *Stonegardens Advisory LLC v. Deep Media, Inc.*
> (Case No. 1:24-cv-02178-PAE)
> Part Rule 2(C)/Local Civil Rule 37.2 Request for Discovery Conference

Dear Judge Engelmayer:

Plaintiff Stonegardens Advisory LLC ("Stonegardens"), pursuant to Your Honor's Individual Rules, Part 2(C) and Local Civil Rule 37.2, *requests an informal Court Discovery Conference* because Defendant Deep Media, Inc. ("Defendant" or "Deep Media") has, *inter alia*:

(i) *failed to produce any documents* by the Court-Ordered Deadline of February 20, 2025, *or as of the filing of this letter*;

(ii) asserted improper objections in its written document demand response,[1] which seem designed to delay the discovery process and improperly withhold documents even if it makes a belated production,

(iii) failed to meaningfully respond to Stonegardens' correspondence[2] detailing the deficiencies in Defendant's discovery responses or request for a statement as to when it will produce its documents; and

(iv) failed to provide availability for the depositions of the three Deep Media employees Stonegardens identified it wanted to examine.

Stonegardens is requesting an informal Court Conference at this time in an attempt to meet the fact discovery deadline of April 30, 2025, set by the Court in the so-ordered *Civil Case Management Plan and Scheduling Order*, which was agreed to by Deep Media, after a meet-and-confer before the last Court Conference and conferenced with this Court. As a result of Defendant's failure to produce any documents and propounding improper objections, Stonegardens is and will be prejudiced in preparing for and completing depositions by the present discovery deadline. As of this date, the time to review documents to prepare for and complete fact depositions has been reduced by 20 days or 28% of the time scheduled to do so.

### Stonegardens Has Complied with this Court's Schedule

Stonegardens served its written responses to Defendant's Interrogatories,[3] and Document Demands[4] and a link to the 12,000-plus documents, consisting of more than 41,000 pages (Bates Stamp SG-DeepM000001-41756) on February 20, 2025.[5]

---

[1] **Exhibit 1:** *Defendant's Response to Stonegardens Advisory, LLC's Demand for Documents* ("DM-Doc-Resp.").

[2] **Exhibit 2:** Stonegardens Attorney's Discovery Deficiency Letter to Deep Media Attorney.

[3] **Exhibit 3:** *Stonegardens Advisory LLC's Response to Deep Media's Interrogatories.*

[4] **Exhibit 4:** *Stonegardens Advisory LLC's Response to Deep Media Inc's Request for Production.*

[5] **Exhibit 5:** Stonegardens Attorney Email, dated February 20, 2025.

Hon. Paul E. Engelmayer, U.S.D.J.
March 12, 2025
Page 2

### Deep Media Has Failed to Produce Any Documents

Defendant failed to produce any documents on February 20, 2025, as required by this Court. It has continued to fail to produce a single document as of the e-filing of this letter. Instead, on the night of February 19, 2025, it emailed it needed another two weeks to do so, and in response to Stonegardens' February 27th Discovery Deficiency,[6] emails on the night of Friday, March 7, it intended to produce financials sometime early this week. *No documents of any type have been produced.*

If Defendant needed multiple extensions, its remedy, under the Part Rules was to submit a written request to the Court in advance, with the reasons therefore, and not wait until the night before or day of scheduled productions to advise by email solely to Stonegardens it needed extensions.

### The Impropriety of Deep Media's Objections in its Written Response Suggest They Were Propounded for No Purpose Other Than Delay

As detailed in Stonegardens' February 27th letter to Deep Media, detailing Defendant's discovery deficiencies (attached as **Exhibit 2**), Defendant's written response to the document demands, served on February 20, 2025, indicates both (i) that any future production by Defendant will not be complete and (ii) that the written response was generated for no purpose other than delay.

The written responses are replete with improper, if not many times absurd, general objections. Thirty-one times Defendant objects to producing documents because it has not yet completed its investigation.[7] Sixteen times it objects stating it will not produce the requested documents without a protective order,[8] even though, at the January 8th conference, this Court advised Defendant if it believed a protective order was necessary it should pursue that option. However, Defendant neither raised the issue until it appeared in its written document demand response nor provided a proposed protective order. Defendant also does not provide a clear answer whether it has relevant, responsive documents by stating for twelve categories of documents that it "will produce non-privilege documents that are responsive to this Request, *if any,* that are in Deep Media's possession or control that Deep Media *is able to locate following a reasonable search.*"[9] It also objects twelve times on the basis it does not have to produce documents if it believes Stonegardens possesses them,[10] even though it requested that Stonegardens produce documents that Defendant already possesses, such as, for example, communications between Stonegardens and Deep Media, communications related to the parties' agreements, the agreements between the parties, and communications between parties relating to payments owed by Deep Media.[11]

Tellingly, Defendant states it will not produce many categories of documents.[12] Again, as detailed in Stonegardens' February 27th letter to Deep Media (attached as **Exhibit 2**), these refusals are improper. Contrary to Defendant's objections, Stonegardens is entitled to any meeting minutes, notes, reports or other documents setting forth discussions between Deep Media and any persons outside Deep Media and among Deep Media employees regarding Stonegardens' services as requested in Demand Nos. 4-5. Stonegardens is also entitled to documents concerning the pictorial, visual, or graphic representations documenting, memorializing or depicting any work, services, performance or appearances by Stonegardens or any of its employees as requested in Demand No. 11. Stonegardens is also similarly entitled to the contracts and agreements and the communications between Deep Media and the entities or persons with whom Deep Media entered agreements, media exposure opportunities, business opportunities or investment opportunities or

---

[6] **Exhibit 2:** Stonegardens Attorney's Discovery Deficiency Letter to Deep Media Attorney.

[7] **Exhibit 1:** DM-Doc-Resp., Nos. 1-31.

[8] Id., Nos. 3-6, 10, 13-14, 20-21, 23- 29.

[9] Id., Nos. 1-3, 7, 11, 16-19, 28, 30-31 (emphasis added).

[10] Id., Nos. 1-2, 8, 10-12, 16-17, 19, 22, 30-31

[11] **Exhibit 4:** *Response to Deep Media Inc's Request for Production*, Demands/Responses Nos. 1, 2, 7, 11.

[12] **Exhibit 1:** DM-Doc-Resp., Nos. 4-5, 10-11, 13-14, 20-26.

potential agreements, media exposure opportunities, business opportunities or investment opportunities as a result of Stonegardens' efforts as requested in Demand Nos. 13 and 14. Stonegardens is entitled to the marketing materials that Deep Media submitted to the entities that resulted from Stonegardens' efforts and the submissions to or on behalf of those entities that resulted from Stonegardens' efforts, as requested in Demand Nos. 20 and 21.

Most importantly, as was discussed at the last Court Conference, Stonegardens is entitled to Deep Media's articles of incorporation, membership agreements, operating statements (Demand No. 22) and Deep Media's financial documents or documents that would lead to evidence as to the value of Deep Media's stock or shares, including, but not limited to, documents evidencing the number and value of the outstanding shares of Deep Media (Demand No. 23), financial ledgers and other documents reflecting or depicting the capitalization of Deep Media or the valuation of its stock (Demand No. 24), documents reflecting or evidencing the sale or transfer of any part of Deep Media's ownership and the value thereof (Demand No. 25), loan, investment or financing agreements entered by Deep Media that would indicate or memorialize the valuation of Deep Media, and Deep Media submissions to enter loan, investment or financing agreements that would reflect or depict the capitalization or valuation of Deep Media (Demand No. 26). As this Court recognized at the last conference, the valuation of Deep Media is relevant.

Defendant also failed to have its Interrogatory Response verified or to provide deposition availability dates for Deep Media employees Rijul Gupta, Emma Brown and Nikesh Kalra as request at a meet/confer on January 14, 2025 or in Stonegardens' Discovery Deficiency Letter of February 27th.

**Efforts to Resolve Discovery Issues**

Stonegardens has made efforts to resolve the above discovery issues. Prior to the first Court Conference, the parties met and confer to set a discovery schedule to submit to this Court. At that meeting, Stonegardens' accommodated Defendant's request to move the date for filing discovery demands, which started the 30-day clock for responses and document production, from January 6 to January 21, 2025. At the meeting, the issue of the scope of financial disclosure was discussed. As a result, in the pre-conference letter to this Court, the parties set forth their position on such disclosure as part of their advising the Court of possible motion issues. At that conference, scope of discovery, including the relevant of Defendant's financial documents, and the dates for discovery were discussed. This Court also advised the Defendant it believed that financial documents were relevant and discoverable and if it believed it wanted a protective order it should pursue that option (which, as discussed above, it never did). The parties also had a meeting on January 14, 2025 to discuss various issues, including the witnesses to be deposed. On February 27, 2025, Stonegardens detailed what it believed were the deficiencies in Defendant's discovery production to date (**Exhibit 2**) and requested that Defendant provide a statement as to whether it would correct the deficiencies by March 3 and promise to produce the responsive documents by March 7, 2025. Defendant failed to respond until it sent an email on Friday night, March 7, acknowledging receipt of Stonegardens' letter and claiming it would "serve documents pertaining to Deep Media's financials early next week," without addressing any of the other deficiencies Stonegardens had raised nor providing any reasons for why it could not comply with this Court's discovery schedule. No documents of any type have been produced.

Very truly yours,

*Douglas J. Lutz*
Douglas J. Lutz, Esq.

CC: All counsel
(*via ECF/Pacer*)

Defendant's reply is due March 17, 2025.

SO ORDERED.

*Paul A. Engelmayer*
_____
PAUL A. ENGELMAYER
United States District Judge

March 12, 2025
New York, New York