UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STONEGARDENS ADVISORY LLC,           :     Case No. 1:24-cv-02178-PAE

                Plaintiff,     :     **STIPULATION AND PROTECTIVE ORDER FOR THE PROTECTION OF CONFIDENTIAL AND PROPRIETARY INFORMATION**

     v.                                                       :

DEEPMEDIA.AI. f/k/a Anonymous A.I. Inc.,    :

               Defendant.    :
------------------------------------------------------------X

**WHEREAS**, Defendant Deep Media, Inc. (erroneously sued as DeepMedia.AI f/k/a Anonymous A.I. Inc.)(hereafter "Deep Media"), requests that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c), to which Plaintiff Stonegardens Advisory, LLC ("Stonegardens"), consents in order to expedite and facilitate the exchange of information and documents of a sensitive, private, and confidential nature to protect such confidentiality pursuant to and during the course of discovery in this case and facilitate the prompt resolution of disputes over confidentiality;

**WHEREAS**, Deep Media and Stonegardens (collectively, the "Parties," and individually, a "Party"), through counsel, agree to the following terms;

**WHEREAS**, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

**WHEREAS**, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

**WHEREAS**, in light of these acknowledgements, and based on the representations of the Parties, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

**IT IS HEREBY ORDERED** that any person subject to this Stipulation and Protective Order—including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (i.e., information of any kind, including, without limit, documents, testimony, and electronic records, produced or disclosed pursuant to and in course of discovery in this action) that is designated as "CONFIDENTIAL" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose

such Confidential Discovery Material to anyone else except as expressly permitted hereunder. Discovery Material(s) include, but are not limited to, the following materials as defined herein:

(a) "Information" means the content of any documents, testimony, electronic records, or otherwise relevant materials included under the scope of this Protective Order;

(b) "Documents" means any writing, original, and duplicate and any copies, reproductions, or summaries of all or any part of the foregoing;

(c) "Testimony" means all depositions, declarations, or other testimony taken or used in this action;

(d) "Designating Party" means the party designating or asserting that the information or documents or portions thereof as being "CONFIDENTIAL;" and

(e) "Electronic Records" means, without limitation, any document or record created, generated, sent communicated, received and/or stored by electronic means including, but not limited to, computer programs, programming notes and instructions, activity listings of email transmittals and receipts, output resulting from the use of any software program, and electronic mail.

2. The person producing any given Discovery Material may designate as "CONFIDENTIAL" only such portion of such material the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that consists of:

(a) previously nondisclosed financial information (including without limitation profitability reports or estimates, valuations, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b) previously nondisclosed material relating to ownership or control of any non-public company;

(c) previously nondisclosed proprietary information including, but not limited to, trade secrets, business plans, product development information, or marketing plans;

      (d)      any information that is subject to a contractual or other duty of confidentiality owed by a Party to a third party;

      (e)      any information of a personal or intimate nature regarding any individual; or

      (f)      any other category of information hereinafter given confidential status by the Court.

      3.      With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "CONFIDENTIAL" by stamping or otherwise clearly marking as "CONFIDENTIAL" the protected portion in a manner that will not interfere with legibility or audibility.

      4.      Each Party that designates information, documents or portions of documents as "CONFIDENTIAL" must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those portions of the material, documents, items or information that qualify so that other portions of the material, documents, items or information for which the designated or protection is not warranted are not swept unjustifiably within the ambit of this stipulation and order.

      5.      Broad, global and/or mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

      6.      A deponent may during his or her deposition be shown, and examined about, stamped-confidential documents if the deponent already knows the confidential information contained therein or if the provisions of paragraph 10, infra, are complied with.

      7.      With respect to deposition transcripts and exhibits, a producing person or that person's counsel may designate such portion as "CONFIDENTIAL" either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or

(b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated as "CONFIDENTIAL", in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that Person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated as "CONFIDENTIAL."

8. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that it had previously produced without limitation should be designated as "CONFIDENTIAL," such producing person may so designate such material by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be and treated as Confidential Discovery Material under the terms of this Protective Order.

9. If it comes to the Designating Party's attention that information, documents or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

10. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as "CONFIDENTIAL" to any other person whomsoever, except to:

(a) the Parties to this action, including their members, officers or employees, and their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including in-house counsel, and any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) persons with prior knowledge of the documents and the confidential information contained therein and as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person retained by a Party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers and/or persons operating video recording equipment engaged to transcribe and/or record depositions conducted in this action and any necessary secretarial, clerical or other personnel assigned by the company or entity that employs the stenographer or video recorder to assist such person;

(i) this Court, including any appellate court, and any court officials involved in this litigation, including, for example, court reporters, court clerks or administrative support personnel; and

(j) any person designated by the Court in the interest of justice, upon such terms as the court may deem proper.

11. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 10(d), 10(f) or 10(g) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in

escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

12. Nothing in this stipulation and order prevents or otherwise restricts counsel from rendering advice to their clients and, in the course thereof, relying generally on the examination of stamped confidential documents.

13. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Paragraph 2(C) of this Court's Individual Practices in Civil Cases. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is a good cause for the document or the portion thereof to have such protection.

14. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Paragraph 2(C) of this Court's Individual Practices in Civil Cases.

15. A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within seven business days of receiving the request, the receiving Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

16. Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and

specifically (and by way of example and not limitations) may not use Confidential Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to discovery in this action.

17. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

18. All persons seeking to file redacted documents or documents under seal with the Court shall follow Rule 4(B) of this Court's Individual Practices in Civil Cases.

19. All persons producing Confidential Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Confidential Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that Confidential Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

20. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial

or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as "CONFIDENTIAL."

21. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

22. A Party who seeks to file with the Court any information, documents, items or deposition transcripts that has been reasonably designated "CONFIDENTIAL" pursuant to the standards and procedures set forth in this stipulation and order shall file the designated information, document, item or transcript on the SDNY EFC system in redacted form until the Court renders any decision on any motion pertaining to any motion to seal the redacted filing. If the Designating Party fails to move within seven (7) days of the redacted filing, the Party making the filing shall take steps to replace the redacted filing with its corresponding unredacted version. If the Designating Party makes a timely motion to seal, and the motion is granted, the filing Party shall ensure that all documents (or, if directed by the Court, portions of documents) that are subject of the order to seal are filed in accordance with the procedures that govern the filing of sealed documents on the SDNY ECF system. If the Designating Party's timely motion to seal is denied, then the Party making the filing shall take steps to replace the redacting filing with its corresponding unredacted version.

23. Subject to the Federal Rules of Evidence, designated or stamped "CONFIDENTIAL" documents and other information may be offered at trial or any court hearing. Any "CONFIDENTIAL" documents that are subject to being identified as exhibits prior to trial pursuant to Paragraph 5(A)(x) of this Court's Individual Practices in Civil Cases shall be identified in the Joint Pretrial Order. Any Party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as CONFIDENTIAL, and, if so, what protection, if any, may be afforded to such information at trial.

24. Each person who has access to Discovery Material that has been designated as "CONFIDENTIAL" shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

25. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

26. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "CONFIDENTIAL," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. If the Designated Party requires return of the "CONFIDENTIAL" material rather than its destruction, it will pay the returning Party's IT or ESI vendor costs for transferring and returning such material.

27. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: March 20, 2025                ATKINSON, ANDELSON, LOYA, RUUD & ROMO

                                     By:  */s/Micah R. Jacobs*
                                          Micah R. Jacobs
                                          Attorney for Defendant DEEP MEDIA, INC.
                                          (erroneously sued as DEEPMEDIA.AI.f/k/a
                                          Anonymous A.I. Inc),
                                          3 Harbor Drive, Suite 200, Sausalito, California
                                          94965
                                          Direct (628) 234-6222
                                          Micah.Jacobs@aalrr.com


Dated: March 21, 2025                WASSERMAN GRUBIN & ROGERS. LLP

                                     By:  s/ *Douglas J. Lutz*
                                          Michael T. Rogers
                                          Douglas J. Lutz
                                          Attorneys for Plaintiff
                                          STONEGARDENS ADVISORY, LLC
                                          1700 Broadway, 16th Floor
                                          New York, NY 10019
                                          Telephone: (212) 581-3320
                                          MRogers@wgrlaw.com
                                          DLutz@wgrlaw.com

SO ORDERED.

Dated: March 21, 2025
New York, New York

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United Stated District Judge