# WASSERMAN GRUBIN & ROGERS, LLP
1700 BROADWAY
NEW YORK, NEW YORK 10019
(212) 581-3320

May 7, 2025

**(Via ECF/PACER)**
The Honorable Paul A. Engelmayer
United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshal United States Courthouse, 1305
40 Foley Square
New York, New York 10007

      Re:    ***Stonegardens Advisory LLC v. Deep Media, Inc.***
              (Case No. 1:24-cv-02178-PAE)
              Part Rule 3(I) /Local Civil Rule 37.2/FRCP 45
              <u>Request for Alternative Service of Subpoena</u>

Dear Judge Engelmayer:

### Relief Requested

Plaintiff Stonegardens Advisory LLC ("Stonegardens"), pursuant to Your Honor's Individual Rules, Part 3(I), Local Civil Rule 37.2, and FRCP 45, requests that Court grant Stonegardens leave to serve *Subpoenas to Testify at a Deposition in a Civil Action* on non-party, former Deep Media employees, Nikesh Kalra ("Kalra") and Ivan Gallo ("Gallo"), by alternative means other than direct personal delivery after prior diligent attempts to personally serve them were and likely to remain unsuccessful.[1]

### Applicable Law

Under applicable Second Circuit case law, service under FRCP 45 may be completed even without personal delivery with leave of the Court. *See, e.g., Hernandez v. Domino's Pizza LLC*, 2022 WL 4586352, *1 (E.D.N.Y. 2022) (Subpoena service to comport with service of process "unless judicial authorization to serve by alternative means has been sought and granted."); *Kenyon v. Simon & Schuster, Inc.*, 2016 WL 5930265, *3 (S.D.N.Y. 2013 ("These courts typically require the serving party to seek lave to serve by alternative means and to demonstrate a prior diligent attempt to personally serve."). The alternative service is authorized "when it 'is reasonably designed to ensure that a witness actually receives a subpoena.")*Sparrow Fund Mgmnt, LP v. MiMedx Grp., Inc.*, 2021 WL 2767131, *1 (S.D.N.Y. 2021). *See also In re Shur*, 184 B.R. 640, 644 (Bankr.E.D.N.Y. 1995) ("[O]nly limitation upon service under Rule 45 is that the procedure be reasonably calculated to give the non-party notice of the proceedings and an opportunity to be heard.").

### The Kalra Subpoena, Prior Attempts At Service, and Requested Alternative Service

Stonegardens requests that it be able to serve Kalra through substituted service, such as leaving the subpoena with a person of suitable age and discretion with following mailing by overnight mail and by email at the email addresses provided by Deep Media.

---

[1] Since the requested relief is against non-parties who have not appeared in this action and are not represented by any known counsel, the discovery meet-and-confer requirements do not comply.

Hon. Paul E. Engelmayer, U.S.D.J.
May 7, 2025
Page 2

Kalra was the Chief Business Officer of Deep Media through September 2024. Upon information and belief, he has knowledge regarding the services Stonegardens performed for Deep Media, and the communications between the parties regarding those services. He also spoke to Stonegardens employees about the reasons why Deep Media was terminating Stonegardens. In its supplemental interrogatory answers, Deep Media stated Kalra had information about Deep Media's business with Stonegardens through September 2024. Accordingly, at a meet/confer shortly after the first Court conference in January 2025, Stonegardens identified Kalra as one of the Deep Media employees Deep it wanted to depose. Media did not notify Stonegardens until Sunday, March 30th that it Kalra was no longer an employee and it could not produce him. Deep Media did not provide a last known address until it served amended interrogatory answers on March 31.st

After the April 9th court hearing, Stonegardens prepared and arranged for service of the attached Kalra subpoena (Exhibit 1). Notice (attached as Exhibit 2) was sent to Deep Media attorney by email on April 22, 2025. The subpoena complied with FRCP 45 in that, *inter alia*, it required Kalra to appear for deposition (without having to produce any documents) at a location within 100 miles of the address provided by Deep Media or upon mutual agreement remotely through electronic means, on May 21, 2025.

Stonegardens' retained process server attempted multiple times to deliver the subpoena along with the required witness fee to 745 Highbridge Lane, Danville California, a private residence. Service was first attempted at approximately 7:20 AM on April 19th in which there was no answer. At the second service attempt at approximately 1:30 PM on April 23rd, a woman who appeared to a person of suitable age and discretion and who the process server understood to be Kalra's wife or co-occupant of the premises confirmed that Kalra resided at the premises but was not home. The third attempt was made at approximately 8:30 PM on April 26th, with no answer. On the fourth attempt at around 6:23 PM on April 29th, the same woman who had answered the door on the second attempt again stated that Kalra was not home. On the fifth attempt at approximately 7:52 AM on May 1st, there was no answer. On the sixth attempt at approximately 7:00 PM on May 3rd, there was still no answer while the car was in the driveway and the light was on inside. The server stated that the co-occupant/wife seemed agitated the last two times.

Since personal delivery has been made six times with a person of suitable age and discretion has confirmed that Kalra resides at the address, Stonegardens requests that it be able to complete service by leaving the subpoena at the address with a person of suitable age and discretion or by affixing to the door, with follow-up service of a copy of the subpoena by overnight delivery, such as Federal Express and by email to the last known email address provided by Deep Media in its disclosure responses.

In order to avoid having to contact the Court again, Stonegardens also requests that if Kalra requests additional time to respond to the subpoena in early June, that Stonegardens be able to consent to any such request by Kalra. Presently, the Magistrate has scheduled a settlement conference on July 21, 2025.

### Ivan Gallo Subpoena, Prior Attempts At Service and Requested Alternative Service

Gallo was the Vice President of Finance and Operations for Deep Media through sometime after July 2024. Upon information and belief, he would have knowledge of the services performed by Stonegardens on behalf of Deep Media and the communications between the parties relating thereto. He also is listed as the generator of a Deep Media Summary Cap Table prepared as of July 1, 2024. In its supplemental interrogatory answers, Deep Media stated Gallo was the "Finance Lead

Hon. Paul E. Engelmayer, U.S.D.J.
May 7, 2025
Page 3

at Deep Media" and had knowledge of "Deep Media's finances between December 2023 and September 2024." Stonegardens was terminated in December 2023. Accordingly, at a meet/confer shortly after the first Court conference in January 2025, Stonegardens identified Gallo as one of the Deep Media employees Deep it wanted to depose. Media did not notify Stonegardens until Sunday, March 30th that Gallo was no longer an employee and it could not produce him. Deep Media did not provide a last known address until it served amended interrogatory answers on March 31st.

After the April 9th court hearing, Stonegardens prepared and arranged for service of the attached Gallo subpoena (Exhibit 3). Notice (attached as Exhibit 2) was sent to Deep Media attorney by email on April 22, 2025. The subpoena complied with FRCP 45 in that, *inter alia*, it required Gallo to appear for deposition (without having to produce any documents) at a location within 100 miles of the address provided by Deep Media or upon mutual agreement remotely through electronic means, on May 23, 2025.

Stonegardens' retained process server attempted to deliver the subpoena along with the required witness fee to 765 Gonzalez Drive, San Fransico, California, a private apartment residence. At the first attempted service on April 22nd, the present occupant stated that Gallo was not known to live there. Subsequent research indicated that address provided by Deep Media was out of date but had been Gallo's residence since a consulting company with which he is believed to be an owner, ig3 Consulting had previously also been registered at that address and public records indicate his former pilot license had been registered to that address. The same records indicated that Gallo's new address, some 12 miles away, may be 1045 Cadillac Way, Burlingame, California. When the second service attempt was made at the last address, the server found it was a multi-story apartment building, with approximately 100 apartments, that was part of a multi-building complex, with hundreds of apartments. There was no apartment/occupant directory. Stonegardens requested an updated address from Deep Media by email on April 28, 2025.

Since Deep Media's provide address was outdated but its supplemental interrogatory answers provided Gallo's ig3 Consulting email address, Stonegardens requests permission to complete service by email the subpoena to that address.

\*   \*   \*

Moreover, neither Kalra nor Gallo would be unduly prejudiced by granting leave for alternative service requested here. If the alternative service is successful and they receive the subpoena and have any objections to appearing they can raise their objections after receipt. Conversely, if the alternative service is unsuccessful any attempts to enforce or compel compliance with the subpoena would require proof of service and the witnesses would be afforded an opportunity to raise any objections to the subpoena or the manner in which it was served.

Very truly yours,

*Douglas J. Lutz*

Douglas J. Lutz, Esq.

cc: Micah Jacobs, Esq.
Atkinson, Andelson, Loya, Ruud & Romo
Counsel for Defendant Deep Media, Inc.
(*via ECF/Pacer*)

The Court directs that, by 3 p.m. Monday, May 12, 2025, the parties shall (1) meet and confer regarding the above-referenced concerns raised by plaintiff, and after having done so, (2) file a status update on the docket of this case.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

May 8, 2025
New York, New York